UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **14-20480-CR-UNGARO**

UNITED STATES OF AMERICA

v.

**TRUE NATURE SEAFOOD, LLC,**

               **Defendant.**  /

## PLEA AGREEMENT

The United States of America and **TRUE NATURE SEAFOOD, LLC,** (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to waive Indictment by a Grand Jury in this matter and plead guilty to a one count Information to be filed against it, which count charges the defendant with knowingly making and submitting a false record, account, or label for fish which had been or was intended to be imported, exported, transported, sold, purchased, or received in conduct involving the sale and purchase of, or the intent to sell or purchase of fish, with a market value in excess of $350, in violation of Title 16, United States Code, Sections 3372(d)(1) and (2), 3373(d)(3)(A), and Title 18, United States Code, Section 2.

2. At all relevant times, defendant was organized as a limited liability company under the laws of the State of Florida, with its principle place of business located in Miami, Florida. Defendant engaged in the wholesale purchase, importation, processing, packaging, sale, and distribution of seafood products, in interstate and foreign commerce. These activities including transactions involving seafood product originating in Chile, which was imported, re-labelled, and

transshipped from Miami, Florida, to both domestic and foreign customers by and at the direction of the officers and agents of defendant, acting within the scope of their employment and for the benefit of the defendant.

3. **TRUE NATURE SEAFOOD, LLC.** expressly agrees that it shall not, through a business transaction of any type, including but not limited to, a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms thereof, shall inure to the benefit of and bind assignees, successors-in-interest, or transferees of the defendant.

4. In consideration of the undertakings by the defendant herein, the United States agrees that it shall not bring further criminal charges in connection with the conduct giving rise to these proceedings based on facts known to the United States at the time of execution of this agreement.

5. The Parties agree and understand that, because the crime charged occurred after November 1, 1991, the United States Sentencing Guidelines relating to the sentencing of organizations (Chapter Eight) apply here, except to the extent that the provisions relating to the calculation and imposition of fines for wildlife crimes do not apply to the offense charged in the criminal Information.

6. The Parties agree that the statutory maximum amount of the fine which may be imposed for the charged offense is the greater of $500,000, pursuant to Title 18, United States Code, Section 3571(c)(3), or twice the gross pecuniary gain or twice the gross pecuniary loss attributable to the relevant conduct, pursuant to Title 18, United States Code, Section 3571(d), and that the sentence may include a term of probation of at least one year but not more than five years. In addition, defendant understands that the Court may order restitution to any identifiable victims of the crime,

and must order defendant to pay a $400.00 mandatory special assessment, which assessment defendant agrees to pay on the day of sentencing.

7. Defendant will provide to the United States and the Court written evidence in the form of a notarized legal document certifying that defendant is authorized to plead guilty to the criminal charge as set forth in the Information, and to enter into and comply with all provisions of this Agreement. The notarized document shall further certify that the Managing Member of **TRUE NATURE SEAFOOD, LLC** is authorized to take these actions and that all corporate formalities required by law applicable in such instance, including, but not limited to, approval by defendant's directors, have been observed. Defendant agrees that its Managing Member shall appear on behalf of defendant to enter the guilty plea in the Southern District of Florida and shall also appear for imposition of sentence.

8. In accordance with Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the United States and defendant recommend that the following sentence is appropriate and should be imposed in this case:

   A. <u>Fine</u>:  In consideration of the relevant conduct herein, the parties agree to jointly recommend a criminal fine in the amount of $500,000, and to request the Court impose a payment schedule deferring payment from the time of sentence until the payments described in subparagraph B, infra, are completed, and then to be made at least annually thereafter in the amount of $250,000 no later than the anniversary date of the imposition of sentence. The fine shall be payable by certified funds to "Clerk United States Courts" and are to be transferred upon receipt by the Clerk to the Magnuson-Stevens Fishery Conservation and Management Act Fund administered by the Department of Commerce, National Oceanic & Atmospheric Administration, pursuant to the authority of Title 16, United States Code, Section 1861(e).

   B. <u>Community Service</u>: In addition, the defendant agrees to perform community service pursuant to Sentencing Guideline §§ 5B1.3 and 5F1.3 and in furtherance of satisfying the sentencing principles enumerated in Title 18, United States Code, Section 3553(a). Accordingly, the parties agree to jointly recommend that the defendant pay

a total of $250,000.00 to the South Florida National Parks Trust, a charitable and non-profit 501(c)(3) corporation that was established by the National Park Foundation, a congressionally established entity, to raise donations from individuals, businesses, and foundations to support park programs in critical areas, and $250,000 to the National Marine Sanctuary Foundation, a non-profit, 501(c)(3) tax-exempt organization, created to assist the National Marine Sanctuaries with education and outreach programs designed to preserve, protect and promote meaningful opportunities for public interaction with the sanctuaries. The funds from the community service payments are to be used for management, restoration, research, and education related to the marine living resources and ecosystems of the National Parks in South Florida and the Florida Keys National Marine Sanctuary. Because these payments are designated as community service, the defendant further agrees that it will not seek any reduction in its tax obligation as a result. In addition, since this payment is community service as part of the penalty agreed upon in by the parties to the plea agreement, defendant shall not characterize, publicize, or refer to this community service payment as a voluntary donation or contribution. The parties agree to request that the court order the community service be paid in two installments of $250,000, split equally between the recipients, the first to be due at the time of sentencing and the second payment of $250,000 to be made no later than the first anniversary date of the imposition of sentence.

C. <u>Disposal of Toothfish Or Sale Proceeds</u>. Defendant, and its owners and agents agree, contemporaneous with execution of this agreement, to consent to the forfeiture of approximately 43,150.5 pounds of toothfish *(Dissostichus Spp.)* and/or approximately $400,862.88 representing the proceeds of the sale of the toothfish, seized by the United States on September 21, 2010 in NOAA Case No. C1001320/SE 1003169 and further consents to forfeiture of all its right, title, and interest in the toothfish and/or proceeds of the sale of the toothfish in the foregoing matter in which defendant appeared as a claimant.

D. <u>Probation:</u>   In consideration of the undertakings herein, the Parties further agree that they shall jointly recommend to the Court that the defendant be placed on a period of five years' probation.

E. The parties further agree to jointly recommend that as a special condition of probation that the defendant will establish, implement, and enforce a comprehensive Environmental Compliance Plan (hereinafter referred to as the "ECP") consistent with Sentencing Guidelines Section 8B2.1. The defendant also agrees that it shall not seek early termination of probation until such time as all obligations of this plea agreement are satisfied and the ECP, further described in Paragraph 7, infra, has been fully implemented for a continuous three-year period commencing at such time as the independent consultant certifies that the ECP is first fully implemented.

4

9. As a special condition of probation, defendant shall establish, implement, and enforce a comprehensive Environmental Compliance Plan including but not limited to the following:

A. Within sixty days of sentencing, the defendant will submit its written ECP to the District Court Judge assigned to this case, the Probation Office in the Southern District of Florida, the United States Attorney's Office for the Southern District of Florida, and the National Oceanic and Atmospheric Administration (NOAA), Office of Law Enforcement - Miami Field Office.

B. The ECP will include provisions addressing compliance with the applicable federal and State of Florida laws and regulations governing the purchase, importation, possession, receipt, labelling, documentation, handling, transportation, and sale of seafood product, including but not limited all species of fin fish, and addressing the training of employees regarding compliance with these environmental laws and regulations. The ECP shall be subject to approval by the Court and the United States. In particular, the ECP must provide for the development, implementation, and enforcement of appropriate management practices, including but not limited to:

  i. Each appropriate employee will receive training on compliance with these environmental laws and regulations, and defendant will maintain a record of the type of training provided to each employee and the frequency of such training;

  ii. The defendant shall establish employee compliance with environmental policies and laws as a positive factor in all appropriate personnel evaluations and failure to comply with such policies and laws as a negative factor;

  iii. TRUE NATURE SEAFOOD LLC will designate in its ECP a Vice-President or equivalent supervisory employee responsible for compliance with these laws and regulations, and for implementing and overseeing the ECP. Further, representatives of the NOAA, Office of Law Enforcement may conduct inspections and review all records required to be kept pursuant to the ECP, federal, or State law regarding trafficking in seafood species, at any time during normal business hours;

  iv. TRUE NATURE SEAFOOD LLC will engage the services of an outside independent consultant subject to the approval of the Court and the United States, that will audit the appropriate practices at least once annually during the term of probation to determine compliance with applicable federal and State of Florida laws and regulations governing the purchase, importation, possession, receipt, labelling, documentation, handling, transportation, and sale of seafood product and the terms of the ECP. TRUE NATURE

5

        SEAFOOD LLC shall submit an annual report on the status of the ECP, with the first report due no later than 270 days from imposition of sentence in this matter, and annually thereafter for the five years of probation, unless otherwise relieved from that obligation by competent authority. In addition, all ECP audit reports completed by defendant or the independent consultant shall be submitted to the designated Vice-President responsible for environmental matters and the implementation and oversight of the ECP, and transmitted as part of the annual report to the Probation Office in the Southern District of Florida, the United States Attorney's Office for the Southern District of Florida, and the National Oceanic and Atmospheric Administration (NOAA), Office of Law Enforcement - Miami Field Office.

   v.    The ECP shall remain under the supervision of the Court for the duration of the term of probation. Both parties to this agreement may seek a hearing before the Court within 90 days of receipt of the written ECP in the event they are unable to reach agreement on the content of the ECP;

   vi.    TRUE NATURE SEAFOOD LLC agrees to assume all reasonable costs associated with the implementation, maintenance, and Court oversight of the ECP and this special condition of probation.

10.    Defendant agrees to enter an unconditional plea of guilty to the criminal Information. As a result of entering the guilty plea, Defendant expressly waives all defenses or objections to the criminal Information and reserves no future defenses or rights to appeal any decisions of the Court. Defendant further expressly agrees to waive all constitutional, statutory, common law, jurisdictional, and non-jurisdictional defects in the proceedings and/or defenses to the criminal Information, including, but not limited to, any and all pretrial motions, post-trial motions, post-sentencing motions, defenses, objections, or collateral attacks, subject, however, to paragraph 6(A), *supra*.

11.    The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

12. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw its plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

13. Defendant is additionally aware that Title 18, United States Code, Section 3742 normally affords a defendant the right to appeal the sentence imposed. Acknowledging this, in exchange for the concessions and considerations by the United States contained herein, defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, any restitution order, any order of forfeiture, or to appeal the manner in which the sentence was imposed. Defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be

released from the above waiver of appellate rights. By signing this agreement, defendant acknowledges that it has discussed fully with its defense counsel this plea agreement and its consequences, including the various waivers set forth herein, and that defendant understands the nature and consequences of the plea agreement including the various waivers set forth herein. Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's entry into this plea agreement, including the various waivers set forth herein, is both knowing and voluntary.

14. This is the entire agreement and understanding between the United States and defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 8/1/14        By _____
                    Thomas A. Watts-FitzGerald
                    Assistant States Attorney

Date: 8/1/14        By: _____
                    DANIEL F. RINZEL, ESQ.
                    ATTORNEY FOR DEFENDANT

Date: 8/1/14        By: _____
                    JAKE M. GREENBERG, ESQ.
                    ATTORNEY FOR DEFENDANT

Date: 8/1/14        By: _____
                    AMADO L. RODRIGUEZ, Managing Member,
                    For TRUE NATURE SEAFOOD, LLC,
                    DEFENDANT